**UNITED STATES of America,
Appellee,**

v.

**Willie James THARPE, Appellant.**

**No. 15361.**

United States Court of Appeals,
Fourth Circuit.

Argued April 8, 1971.

Decided May 28, 1971.

Irvin B. Tucker, Jr., Raleigh, N. C. and H. L. Riddle, Jr., Morganton, N. C., for appellant.

William L. Osteen, U. S. Atty. for the Middle District of North Carolina, for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

Willie James Tharpe appeals his conviction for transporting nontaxpaid distilled liquor in violation of 26 U.S.C. § 5601. At trial, Tharpe, who admitted the transaction, based his defense on entrapment. He contended he succumbed to the importunities of a government agent named Stokes and a government

 

informer named Weatherman after he had initially set his will against breaking the law. The trial judge, however, excluded Tharpe's testimony about the informer's alleged statements as hearsay on the ground that there was no showing Weatherman was working for the government.

Exclusion of Tharpe's testimony describing Weatherman's statements was error. On cross-examination, Stokes, who admitted knowing Weatherman, testified he told Tharpe that he was Weatherman's friend and that Weatherman had sent him. He also admitted he did this on instructions from his superior officer. These facts are sufficient to establish that Weatherman was an instrument in the government's investigation of Tharpe, and statements Weatherman made which might have worn down Tharpe's will were relevant to the entrapment issue.

Nevertheless, the erroneous exclusion of Weatherman's alleged statements was not reversible error, for even with the excluded testimony, Tharpe failed as a matter of law to establish that he was entrapped. In Sherman v. United States, 356 U.S. 369, 372, 78 S. Ct. 819, 2 L.Ed.2d 848 (1958), the Supreme Court said that the entrapment occurs when official activity creates criminal conduct. And this court has specifically held that mere solicitation is insufficient to create the kind of inducement the entrapment defense was intended to correct. United States v. DeVore, 423 F.2d 1069, 1072 (4th Cir. 1970), cert. denied, 402 U.S. 950, 91 S. Ct. 1604, 29 L.Ed.2d 119 (1971). In this case, by his own testimony Tharpe acknowledges a hiatus of over a month between his last contact with Weatherman in April when he had made a sale to Stokes at Weatherman's urging and the commission of the offense in May. He also admits that Stokes did not contact him for the same length of time. Moreover, he stated that he was in serious financial difficulty and that he agreed to deal in nontaxpaid distilled liquor because he needed the money. In these circumstances, Stokes' request for a delivery of illegal whiskey in May was no more than a solicitation which gave Tharpe the opportunity to commit a crime.

Tharpe also contends that his character witness was improperly cross-examined, but after an examination of the record, we find no reversible error. The judgment of the district court is affirmed.

Affirmed.